IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THEODORIC DRAKE, | : | HABEAS CORPUS |
| GDC ID 543501, | : | 28 U.S.C. § 2254 |
|    Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:16-CV-1395-WSD-CMS |
| AHMED HOLT, Warden, | : | |
|    Respondent. | : | |

## FINAL REPORT AND RECOMMENDATION

This *pro se* habeas corpus action is before the Court on Warden Ahmed Holt's Motion to Dismiss Petition as Untimely and state inmate Theodoric Drake's Reply in Opposition to Respondent's Motion to Dismiss as Untimely.  *See* [7] and [9].

Mr. Drake does not dispute Warden Holt's calculation that, before he filed his federal habeas petition, 530 days elapsed untolled for purposes of 28 U.S.C. § 2244(d).  Thus, Mr. Drake concedes that his petition is untimely if the one-year limitation period in § 2244(d) applies.  Mr. Drake contends, however, that he is entitled to an equitable exception to the one-year limitation period because he is "factually innocent" of the crimes for which he was convicted.  *See* [9] at 1-3.

As Mr. Drake notes in his Reply, *see* [9] at 3, the Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass . . . to overcome the time limits imposed by [§ 2244(d)]." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court went to "caution, however, that tenable actual-innocence gateway pleas are rare [because a] 'petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Moreover, as the Supreme Court stated in a previous case: "it bears repeating that the *Schlup* standard is demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotations marks and citations omitted).

In this case, Mr. Drake has not met *McQuiggin's* threshold requirement for stating an "actual innocence" claim. Unlike the Petitioner in *McQuiggin*, Mr. Drake has not submitted *any* affidavits that identify new witnesses, summarize the new facts to which they would testify, and explain why those witnesses and their testimony were previously unavailable. Indeed, Mr. Drake has not even attempted to name the new witnesses and

summarize their new evidence himself; he has simply stated that: "Credible testimonial evidence, which was not previously available, exists that would establish petitioner's claim." [9] at 3. This sort of purely conclusory and self-serving statement is insufficient to state a tenable actual-innocence gateway plea.

Accordingly, because it is otherwise undisputed that Mr. Drake's federal habeas petition was untimely filed, the undersigned **RECOMMENDS** that (1) Warden Holt's motion be **GRANTED** and (2) Mr. Drake's petition be **DISMISSED AS UNTIMELY**.

The undersigned further **RECOMMENDS** that no Certificate of Appealability be issued because Mr. Drake does not meet the requisite standard. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 22nd day of September, 2016.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE