IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THEODORE DRAKE,

         Petitioner,

v.

AHMED HOLT, Warden,

         Respondent.

1:16-cv-1395-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Catherine M. Salinas' Final Report and Recommendation [10] ("R&R"), recommending that Respondent Ahmed Holt's ("Respondent") Motion to Dismiss Petition as Untimely [7] ("Motion to Dismiss") be granted, and that Petitioner Theodore Drake's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [1] ("Federal Habeas Petition") be dismissed.  Also before the Court is Petitioner's Objections to Magistrate's Final Report and Recommendations [12].

**I.     BACKGROUND**

In March 2007, a DeKalb County grand jury indicted Petitioner on three counts of aggravated stalking, one count of aggravated assault, one count of kidnapping with bodily injury, one count of burglary, and one count of criminal

damage to property in the second degree. ([8.4] at 1-2). The indictment charged Petitioner with committing all of these offenses against Ciara Howell. ([8.4] at 1-2). On May 28, 2010, after a four-day trial, a DeKalb County jury convicted Petitioner of one count of simple battery, in violation of O.C.G.A. § 16-5-23(a), and three counts of aggravated stalking, in violation of O.C.G.A. § 16-5-91(a). ([1]; [8.1] at 1). Petitioner was found not guilty on the remaining charges. ([8.4] at 2). The trial court sentenced Petitioner to fourteen years in prison. ([1] at 1). Petitioner appealed, "contending that the trial court allowed the victim to make impermissible comments about his character in the presence of the jury." ([8.1] at 1). On April 4, 2012, the Georgia Court of Appeals affirmed the trial court's judgment. ([8.1]). On January 7, 2013, the Georgia Supreme Court denied Petitioner's petition for certiorari. ([8.2]).

On March 6, 2014, Petitioner filed a state habeas corpus petition challenging his convictions, asserting three claims for ineffective assistance of appellate counsel. ([8.3]). On May 5, 2015, after holding an evidentiary hearing, the state habeas court denied Petitioner's petition. ([8.4]). On September 8, 2015, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal. ([8.5]).

On April 20, 2016, Petitioner filed his Federal Habeas Petition, asserting

eight claims for ineffective assistance of trial and appellate counsel. ([1] at 5-6). On June 13, 2016, Respondent filed his Motion to Dismiss, arguing that the Federal Habeas Petition should be dismissed as untimely. ([7.1]). On September 20, 2016, Petitioner filed his Reply in Opposition to Respondent's Motion to Dismiss as Untimely [9], arguing that he is "factually innocent" and thus qualifies for an equitable exception to the one-year limitation period imposed by 28 U.S.C. § 2244(d). ([9] at 1-3).[1] Petitioner claimed "[c]redible testimonial evidence, which was not previously available, exists that would establish [his] claim." ([9] at 3). Petitioner did not explain what this evidence was and did not submit any evidence with his brief.

On September 23, 2016, the Magistrate Judge issued her R&R, recommending that Respondent's Motion to Dismiss be granted and that Petitioner's Federal Habeas Petition be dismissed as untimely. The Magistrate Judge found that Petitioner did not show he qualified for the "actual innocence" exception to the one year limitation period because he failed to "submit[] any affidavits that identify new witnesses, summarize the new facts to which they would testify, and explain why those witnesses and their testimony were

---

[1] Petitioner does not dispute Respondent's assertion that Petitioner filed his Federal Habeas Petition outside the one year period ordinarily required by 28 U.S.C. § 2244(d).

previously unavailable." (R&R at 2). On October 7, 2016, Petitioner filed his Objections [12], attaching a declaration signed by his sister, Andria Thomas, and declarations signed by Keishuna Turner, Tawanda Martin and Mike Webster. These individuals did not testify at Petitioner's trial or at his subsequent proceedings, including because Petitioner's attorney declined to call them as witnesses.

## II.   DISCUSSION

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass . . . to overcome the time limits imposed by [§ 2244(d)]." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare [because a] 'petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). This standard "is demanding and permits review only in the extraordinary case." House v. Bell, 547 U.S. 518, 538 (2006) (internal quotations marks and citations omitted).

Petitioner argues that his Federal Habeas Petition is not time-barred because he qualifies for the actual innocence exception to the one year limitation period.

The Magistrate Judge recommended dismissal because Petitioner failed to offer supporting evidence.  Petitioner has since submitted four declarations from his sister and friends, describing his relationship with Ciara Howell and asserting that she "not only initiated [Petitioner's] contacts with her, but made it virtually impossible for him to avoid her."  ([12] at 3).  At least one of the declarations appears to state that Ciara Howell requested an interaction with Petitioner for which he was convicted of aggravated stalking.  ([12] at 10-11).  Consent appears to be a defense to the offense of aggravated stalking.  See O.C.G.A. § 16-5-91(a) (defining aggravated stalking as "placing under surveillance, or contact[ing] another person . . . *without the consent* of the other person for the purpose of harassing and intimidating the other person" (emphasis added)).

Neither the Magistrate Judge nor the Respondent had the benefit of this evidence.  In view of this fact, Petitioner's *pro se* status, and the difficulties of assessing the significance of this evidence given the limited record before the Court, Respondent is directed to file, on or before December 30, 2016, a new motion to dismiss Petitioner's Federal Habeas Petition.  Respondent's initial Motion to Dismiss is denied without prejudice.  The Court concludes that this action should be re-referred to the Magistrate Judge for further processing.

Petitioner is cautioned that he must submit all evidence in support of his

actual innocence claim before the Magistrate Judge issues a further report and recommendation. Absent compelling circumstances, the Court will not consider additional evidence raised after that date. See Jenkins v. Jackson, No. 1:14-cv-1686-WSD, 2016 WL 3226430, at *2 (N.D. Ga. June 13, 2016) ("While a district judge may consider new evidence and arguments raised for the first time in an objection to a magistrate judge's R&R, the district judge is not obligated to do so.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss Petition as Untimely [7] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Respondent shall file, on or before December 30, 2016, a new motion to dismiss Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [1] ("Petition"), addressing the timeliness of the Petition, including Petitioner's assertion that he qualifies for an equitable exception to the limitation period.

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to **RE-REFER** this action to the Magistrate Judge for further processing.

**SO ORDERED** this 5th day of December, 2016.

*/s/ William S. Duffey*
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE