# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| THEODORIC DRAKE, | : | HABEAS CORPUS |
| GDC ID 543501, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:16-CV-1395-WSD-CMS |
| AHMED HOLT, Warden, | : | |
|     Respondent. | : | |

## **SECOND FINAL REPORT AND RECOMMENDATION**

This is a habeas corpus case.

The petitioner, Theodoric Drake, was convicted in 2008 in DeKalb County Superior Court on three counts of aggravated stalking and one count of simple battery. *See* [1]. The Georgia Court of Appeals rejected Drake's direct appeal, *see* [8-1], and the Georgia Supreme Court denied Drake's petition for a writ of certiorari, *see Drake v. State*, No. S12C1346, 2013 Ga. LEXIS 57 (Ga. Jan. 7, 2013).[1] Drake was represented by different attorneys at trial and on appeal. *See* [1] at 9.

Through new, retained collateral counsel, Drake sought a state writ of habeas corpus in 2014, raising claims that his previous counsel provided

---

[1] The sole claim that Drake raised on direct appeal was that "the trial court allowed the victim to make impermissible comments about his character in the presence of the jury." [8-1] at 1.

ineffective assistance. *See* [8-3].[2] The state habeas court denied Drake relief, *see* [8-4], and the Georgia Supreme Court denied Drake a certificate of probable cause to appeal, *see* [8-5].

Drake then filed in this Court a *pro se* federal habeas petition. *See* [1]. The Respondent, Warden Ahmed Holt, moved to dismiss Drake's federal habeas petition as untimely. *See* [7].

Drake ultimately conceded that his federal habeas petition is untimely if the one-year limitation period in 28 U.S.C. § 2244(d)(1) applies, but he argued that he is entitled to an "equitable exception" to the limitation period because he is "factually innocent" of the crimes for which he was convicted." *See* [9] at 1-3; *see also McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

I considered this argument and rejected it. *See* [10]. In particular, I noted that Drake, unlike the petitioner in *McQuiggin*, did "not submit[]

---

[2] The specific ineffective assistance of counsel claims that Drake raised in his state habeas petition were that: (1) "appellate counsel failed to provide effective assistance . . . by not raising grounds regarding the issue and admission of a bench warrant"; (2) "appellate counsel failed to provide effective assistance . . . by not alleging trial counsel's ineffective assistance for failing to object to an improper jury charge"; and (3) "appellate counsel was ineffective for not raising the prejudicial error regarding the prosecution's attempt to introduce evidence of an emergency warrant to revoke the bond." [8-3] at 5. Drake dropped a fourth claim. *See* [8-4] at 3.

*any* affidavits that identify new witnesses, summarize the new facts to which they would testify, and explain why those witnesses and their testimony were previously unavailable." *Id.* at 2. Consequently, I concluded that Drake had not even attempted to meet–let alone met–the threshold requirements for stating a tenable actual-innocence gateway plea under *McQuiggin* that might entitle him to an "equitable exception" to the one-year limitation period, and I issued a Final Report and Recommendation ("Final R&R"), recommending dismissal of his federal habeas petition as untimely.

In his Objections to my Final R&R, Drake submitted four affidavits. *See* [12] at Ex. A, C, D & E.[3] Each of these affidavits—from a self-described friend or family member of Drake's–alleged that the affiant had offered to testify or otherwise expected to be called to testify on Drake's behalf at trial. *See id.*

After noting that Drake had not presented these affidavits before the Final R&R was issued, the Honorable William S. Duffey, Jr., denied without prejudice Warden Holt's motion to dismiss, directed Warden Holt to file a

---

[3] Drake submitted an unsigned fifth affidavit that he asked the Court to "omit." *See* [12] at 2 & Ex. B.

renewed motion to dismiss (addressing the affidavits), and referred the case back to me for further proceedings. *See* [13].

Once again, I begin by noting that Drake has conceded that his federal habeas petition is untimely unless *McQuiggin's* "equitable exception" to the one-year limitation period applies. *See* [9] at 1-3. The dispositive question, therefore, is whether Drake's four affidavits state a tenable actual-innocence gateway plea under *McQuiggin*.

The *McQuiggin* Court wrote, in part, as follows:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass, whether the impediment is a procedural bar, as it was in *Schlup* [*v. Delo*, 513 U.S. 298 (1995),] and *House* [*v. Bell*, 547 U.S. 518 (2006)], or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329; *see House*, 547 U.S. at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S. at 332.

133 S. Ct. at 1928. For the reasons stated below, I conclude that Drake's belated affidavits from friends and family members fail to state a tenable actual innocence gateway plea for much the same reasons that the

4

prisoner's affidavits in *McQuiggin* failed to meet that standard in that case. *See id.* at 1936.

First, Drake's alleged newly discovered evidence, *i.e.*, the information contained in the four affidavits, was available to Drake *before* trial in 2008. *Cf. id.* All four affiants assert that they affirmatively reached out to Drake's trial counsel or otherwise reasonably expected to be called as witnesses at trial, and were in contact with Drake at all relevant times. *See* [12] at Ex. A, C, D & E. Thus, the testimony each of these affiants might have offered at trial has long been known by and available to Drake, and it is in no sense genuinely "new." Indeed, Drake has already had at least three opportunities to offer this evidence to courts,[4] and he did not do so until

---

[4] These three opportunities were: (1) in 2008, at trial (by calling any or all of these witnesses); (2) later in 2008, in a motion for new trial (by asserting a claim that trial counsel was ineffective for failing to call these witnesses); or (3) in 2014, in state habeas proceedings (by asserting a claim that appellate counsel was ineffective for failing to file a motion for new trial asserting an ineffective assistance of trial counsel claim for failing to call these witnesses). Although represented by three different lawyers in trial, appellate, and collateral proceedings, Drake availed himself of none of these opportunities to present this "evidence."

This is all the more noteworthy because Drake explicitly complained about his trial counsel's performance in his state habeas petition. *See* n.2, *supra*. But Drake did *not* complain that his trial counsel had been ineffective because he had failed to call any of the four affiants as witnesses

2016, when he presented the affidavits in Objections to my Final R&R. This is a factor that weighs heavily against the reliability and credibility of this evidence, particularly in the absence of a reasonable explanation for the eight-year delay. *See McQuiggin*, 133 S. Ct. at 1935-36 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing" and may "seriously undermine the credibility of the actual-innocence claim").

Second, even assuming that Drake's evidence is "new" and that there is a valid reason for his eight-year delay in presenting it, the evidence offered in the affidavits does not establish that no juror, acting reasonably, would have voted to find Drake guilty beyond a reasonable doubt if the affiants had been called to testify at trial. At most, the affidavits indicate that Drake's friends and family members would have testified that the woman Drake was convicted of stalking and battering sometimes sought to initiate contact with him. But, even assuming this to be true, it would not excuse Drake's repeated violations of a state court order prohibiting him from having contact with her. *Cf.* [8-1] at 1. Drake was legally obligated to avoid the victim, and, because he indisputably failed to do so, he would still

---

at trial; rather, Drake complained only that his trial counsel did not object to the jury charge. *See id.*

be guilty of aggravated stalking. *See generally* O.C.G.A. § 16-5-91. And nothing in the four affidavits even suggests that no reasonable juror would have convicted Drake of simple battery.

Third, none of the four affidavits that Drake presented is notarized or signed under penalty of perjury in accordance with 28 U.S.C. § 1746. *See* [12] at Ex. A, C, D & E. Like Drake's eight-year delay in presenting his affidavits, this casts doubt on the authenticity and reliability of this new "evidence." This is a very minor factor, and I would reach the same conclusion even if Drake's affidavits were properly notarized or signed under penalty of perjury, but it further reinforces my conclusion that Drake has not made the requisite showing that he has a tenable actual-innocence gateway plea.

I note that the Supreme Court counseled that "tenable actual-innocence gateway pleas are rare" and directed that "frivolous petitions should occasion instant dismissal." *McQuiggin*, 133 S. Ct. at 1928 & 1936 (citing 28 U.S.C. foll. § 2254, Rule 4).

Accordingly, I **RECOMMEND** that (A) Warden Holt's renewed motion to dismiss be **GRANTED** and (B) Drake's petition be **DISMISSED** because Drake filed his petition after the one-year limitation

period had expired, has not raised a tenable actual-innocence gateway plea, and is not entitled to an "equitable exception" to the limitation period.

I further **RECOMMEND** that no Certificate of Appealability be issued because Drake does not meet the requisite standard. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 17th day of April, 2017.

*Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE