# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

THEODORE DRAKE,

      Petitioner,

v.

AHMED HOLT,

      Respondent.

1:16-cv-1395-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Catherine M. Salinas' Second Final Report and Recommendation [18] ("Second R&R"), recommending that Respondent Ahmed Holt's ("Respondent") Renewed Motion to Dismiss Petition as Untimely [14] ("Second Motion to Dismiss") be granted, that Petitioner Theodore Drake's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [1] ("Federal Habeas Petition") be dismissed, and that a certificate of appealability be denied. Also before the Court are Petitioner's Objections [20] to the Second R&R.

## I. BACKGROUND

In March 2007, a DeKalb County grand jury indicted Petitioner on three counts of aggravated stalking, one count of aggravated assault, one count of

kidnapping with bodily injury, one count of burglary, and one count of criminal damage to property in the second degree. ([8.4] at 1-2). The indictment charged Petitioner with committing all of these offenses against Ciara Howell. ([8.4] at 1-2). On May 28, 2010, after a four-day trial, a DeKalb County jury convicted Petitioner of one count of simple battery, in violation of O.C.G.A. § 16-5-23(a), and three counts of aggravated stalking, in violation of O.C.G.A. § 16-5-91(a). ([1]; [8.1] at 1). Petitioner was found not guilty on the remaining charges. ([8.4] at 2). The trial court sentenced Petitioner to fourteen years in prison. ([1] at 1). Petitioner appealed, "contending that the trial court allowed the victim to make impermissible comments about his character in the presence of the jury." ([8.1] at 1). On April 4, 2012, the Georgia Court of Appeals affirmed the trial court's judgment. ([8.1]). On January 7, 2013, the Georgia Supreme Court denied Petitioner's petition for certiorari. ([8.2]). Petitioner did not seek certiorari review in the United States Supreme Court. ([7.1] at 4).

More than a year later, on March 6, 2014, Petitioner filed a state habeas corpus petition challenging his convictions, asserting three claims for ineffective assistance of appellate counsel. ([8.3]). On May 5, 2015, after holding an evidentiary hearing, the state habeas court denied Petitioner's petition. ([8.4]). On September 8, 2015, the Georgia Supreme Court denied Petitioner's application for

2

a certificate of probable cause to appeal. ([8.5]). On October 5, 2015, the Georgia Supreme Court transmitted the remititur to the Superior Court of Gwinnett County, marking the end of Petitioner's state habeas proceedings. ([8.6]).

On April 20, 2016, Petitioner filed his Federal Habeas Petition, asserting eight claims for ineffective assistance of trial and appellate counsel. ([1] at 5-6). On June 13, 2016, Respondent filed his first Motion to Dismiss Petition as Untimely [7] ("First Motion to Dismiss"), arguing that the Federal Habeas Petition should be dismissed as untimely. ([7.1]). On September 20, 2016, Petitioner filed his Reply in Opposition to Respondent's Motion to Dismiss as Untimely [9]. Petitioner did not dispute Respondent's assertion that his Federal Habeas Petition was filed outside the one year period ordinarily required by 28 U.S.C. § 2244(d), but argued that he is "factually innocent" and thus qualifies for an equitable exception to the one-year limitations period imposed by 28 U.S.C. § 2244(d). ([9] at 1-3). Petitioner claimed "[c]redible testimonial evidence, which was not previously available, exists that would establish [his] claim." ([9] at 3). Petitioner did not explain what this evidence was and did not submit any evidence with his brief.

On September 23, 2016, the Magistrate Judge issued her first Final Report and Recommendation [10] ("First R&R"), recommending that Respondent's First

3

Motion to Dismiss Petition be granted and that Petitioner's Federal Habeas Petition be dismissed as untimely. The Magistrate Judge found that Petitioner did not show he qualified for the "actual innocence" exception to the one year limitations period because he failed to "submit[] any affidavits that identify new witnesses, summarize the new facts to which they would testify, and explain why those witnesses and their testimony were previously unavailable." (First R&R at 2). On October 3, 2016, Petitioner filed his Objections [12] to the First R&R, attaching a declaration signed by his sister, Andria Thomas, and three declarations signed by long-time friends, Keishuna Turner, Tawanda Martin and Mike Webster. These individuals did not testify at Petitioner's trial or at his subsequent proceedings, including because Petitioner's attorney declined to call them as witnesses. The declarations describe Petitioner's relationship with Ciara Howell and assert that she often initiated contact with Petitioner. Petitioner alleges that the declarations "paint a picture of a woman who was excessively jealous of Petitioner's various relationships to everyone and everything—who found a way to use the courts to exercise control over Petitioner through a series of false allegations." ([12] at 3).

On December 5, 2016, the Court, in light of Petitioner's new evidence, denied Respondent's First Motion to Dismiss as moot, directed Respondent to file

4

a second motion to dismiss, and re-referred the case to the Magistrate Judge. ([13]). On December 30, 2016, Respondent filed his Second Motion to Dismiss, arguing that Petitioner's Federal Habeas Petition is untimely and that Petitioner does not qualify for the "actual innocence" exception to the one year limitations period. Petitioner did not file a response. See LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). On April 17, 2017, the Magistrate Judge issued her Second R&R, recommending that Respondent's Second Motion to Dismiss be granted and that Petitioner's Federal Habeas Petition be dismissed as untimely, because Petitioner "filed his petition after the one-year limitation period had expired, has not raised a tenable actual-innocence gateway plea, and is not entitled to an 'equitable exception' to the limitation period." (Second R&R at 7-8). On April 27, 2017, Petitioner filed his Objections to the Second R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S.

1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Petitioner's Objections assert that his trial, appellate and state habeas counsel were ineffective for failing to introduce the testimonies contained in the four declarations now before the Court. ([20] at 1-4). Petitioner did not raise this argument on direct appeal, in his state habeas petition, in his Federal Habeas Petition, or in any other filing in this Court, even after the Court granted Petitioner a second opportunity to develop his actual innocence claim after the First R&R was issued, and even though the Court warned Petitioner "that he must submit all evidence in support of his actual innocence claim before the Magistrate Judge issues a further report and recommendation." ([13] at 5-6). The Court made it clear that it "will not consider additional evidence raised after that date." ([13] at 6). The Court declines to consider Petitioner's unexhausted and untimely argument that his counsel were ineffective for failing to introduce the evidence contained in the four declarations. See Williams v. McNeil, 557 F.3d 1287, 1292

6

(11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); see also Shultz v. Sec'y of U.S. Air Force, 522 F. App'x 503, 506 (11th Cir. 2013) ("[T]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court.").[1]

Because Petitioner does not "specify with particularity" any portion of the Second R&R to which he objects, or the basis for his objections, the Court conducts a plain error review of the record. ([19] at 1); see Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) ("In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. . . . It is critical that the objection be sufficiently specific and not a general objection to the report."); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (stating that plain error review is appropriate where objections to

---

[1] Even if the Court considered Petitioner's argument, and even if it was not unexhausted, the argument still would not entitle him to relief. The evidence in the four declarations is not significant enough to cure the untimeliness of Petitioner's Federal Habeas Petition or to meet the Strickland standard for constitutionally ineffective assistance. Strickland v. Washington, 466 U.S. 668, 690, 694 (1984).

7

an R&R are "[f]rivolous, conclusive, or general," or do not "specifically identify those findings objected to" or the basis of the objections).

B. Analysis

Section 2254 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period generally runs from the date on which the judgment of conviction becomes final "by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's convictions became final in April 2013, upon expiration of the ninety-day period in which to seek certiorari review in the United States Supreme Court. ([7.1] at 4). Petitioner filed his Federal Habeas Petition on April 20, 2016, approximately three years later. Even allowing for the seventeen months of statutory tolling triggered by Petitioner's state habeas proceedings from March 6, 2014, through October 5, 2015, Petitioner's Federal Habeas Petition is untimely absent equitable tolling or a showing of actual innocence. (Second R&R at 4; [7.1] at 4-5).

Petitioner claims his Federal Habeas Petition is not time-barred because, in view of the four declarations submitted by his family and friends, he qualifies for the actual innocence exception to the one year limitations period. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass . . . to overcome the time limits imposed by [§ 2244(d)]."

McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare [because a] 'petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). This standard "is demanding and permits review only in the extraordinary case." House v. Bell, 547 U.S. 518, 538 (2006) (internal quotations marks and citations omitted).

The Magistrate Judge found that Petitioner does not qualify for the actual innocence exception because (1) the "newly discovered evidence, *i.e.*, the information contained in the four affidavits, was available to [Petitioner] before trial in 2008," and (2) "the evidence offered in the affidavits does not establish that no juror, acting reasonably, would have voted to find [Petitioner] guilty beyond a reasonable doubt if the affiants had been called to testify at trial." (R&R at 5-7). The Court finds no plain error in these determinations. This is not "the extraordinary case" in which the actual innocence exception applies, and Petitioner's Federal Habeas Petition is dismissed as time-barred. House, 547 U.S. at 538; cf. McQuiggin, 133 S. Ct. at 1935-36 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the

9

requisite showing" and may "seriously undermine the credibility of the actual-innocence claim"). The Court also finds no plain error in the Magistrate Judge's conclusion that a certificate of appealability should be denied. It is not reasonably debatable that Petitioner's Federal Habeas Petition is time-barred. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (stating that a certificate of appealability should be denied where petitioner's entitlement to relief is not reasonably "debatable").[2,3]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas' Second Final Report and Recommendation [18] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Objections [20] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Respondent's Renewed Motion to Dismiss Petition as Untimely [14] is **GRANTED**.

---

[2] The Court would reach the same conclusions expressed in this Order even if Petitioner had filed proper objections and the Court conducted a *de novo* review.
[3] In view of the Magistrate Judge's Second R&R, and the dismissal of this action, the Magistrate Judge's First R&R is moot.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Catherine M. Salinas' Final Report and Recommendation is **MOOT** [10].

**SO ORDERED** this 5th day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE